**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA

Plaintiff,

v.

NICHOLAS ANTWAIN DANCY,

Defendant.

Criminal No. 22-166 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER**

---

Craig R. Baune and William C. Mattessich, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, Saint Paul, MN 55101, for Plaintiff.

Nicholas Antwain Dancy, Reg. No. 15242-510, USP Hazelton, Post Office Box 2000, Bruceton Mills, WV 26525, *pro se* Defendant.

Defendant Nicholas Dancy pled guilty to three counts of robbery and one count of brandishing a firearm during a crime of violence and was sentenced to 175 months of imprisonment. (Plea Agreement, July 14, 2023, Docket No. 81; Am. Sentencing J., Dec. 11, 2023, Docket No. 100.) Dancy now asks the Court to vacate his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel and manifest injustice. (Def.'s Second Pro Se § 2255 Mot., May 26, 2026, Docket No. 131.) The United States moves the Court to dismiss Dancy's motion as time-barred under 28 U.S.C. § 2255(f)(1). (Oct. 1, 2026, Docket No. 134). Dancy also asks the Court to delay its consideration of the United

States' motion. (Def.'s Mot. to Delay, Oct. 30, 2026, Docket No. 136.) The Court will grant the United States' motion and will deny Dancy's motion to vacate his sentence because the motion was filed more than one year after the date on which the judgment of his conviction became final. 28 U.S.C. § 2255(f)(1). The Court will deny Dancy's motion to delay as moot.

Dancy previously filed a motion with the Court to vacate his sentence under 28 U.S.C. § 2255. (Def.'s First Pro Se § 2255 Mot., Nov. 30, 2023, Docket No. 99.) Before the Court could act on his motion, Dancy appealed his sentence to the Eighth Circuit. (Notice of Appeal, Dec. 22, 2023, Docket No. 103). The Court concluded that Dancy did not establish extraordinary circumstances that would justify considering his § 2255 motion while his appeal was pending and accordingly dismissed Dancy's first § 2255 motion without prejudice. (Mem. Op. & Order, May 15, 2025, Docket No. 121.) The Court noted that because its ruling was not on the merits of Dancy's initial § 2255 motion, a subsequent motion would not be "second or successive." (*Id.* at 3 n.1 (citing 8 U.S.C. 2255(h)). Thus, the Court clarified that ""Dancy may refile his § 2255 motion after the conclusion of his direct appeal." (*Id.* at 3.) But although Dancy's current motion is not barred as second and successive under § 2255(h), it is time-barred under § 2255(f).

Section 2255(f) provides that a one-year limitations period applies to all § 2255 motions. In this instance, that that limitation period runs from "the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). The Eighth Circuit

issued an order dismissing Dancy's appeal on May 29, 2024 (Docket No. 124),[1] and entered its mandate on June 27, 2024 (Docket No. 126). Thus, the judgment on Dancy's conviction became final 90 days after the Court of Appeals' judgment, when the deadline for filing a petition for certiorari expired. *Clay v. United States*, 537 U.S. 522, 525 (2003); *see also Camacho v. Hobbs*, 774 F.3d 931, 933 (8th Cir. 2015) ("If a federal prisoner does not file a petition for certiorari with the Supreme Court on direct review, '§ 2255's one-year limitation period starts to run when the time for seeking such review expires.'" (quoting *Clay*, 537 U.S. at 532)).

Dancy did not file his second motion under 28 U.S.C. § 2255 until May 26, 2026, almost two years after the Eighth Circuit's judgment—long past the one-year limitation period for filing a § 2255 petition. Accordingly, the Court must dismiss Dancy's motion to vacate his sentence as untimely. The Court will also deny as moot Dancy's motion to extend the time to respond the United States' motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Vacate Sentence (Docket No. [131]) is **DISMISSED**;
2. Plaintiff's Motion to Dismiss (Docket No. [134]) is **GRANTED**; and
3. Defendant's Motion to Delay (Docket No. [136]) is **DENIED as moot**.

---

[1] *United States v. Dancy*, Civ. No. 23-3748, 2024 WL 2747288 (8th Cir. May 29, 2024).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 5, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge